SEWALL C. RIPLEY *vs.* INHABITANTS OF HARMONY.

Cumberland.   Opinion September 12, 1913.

*Amendments.   Attachment.   Exceptions.   Exempt.   Motion.   Original*
*Summons.   Property of a Town.   Revised Statutes, Chapter 84,*
*Section 10.   Revised Statutes of 1820, Chapter 63.   Revised*
*Statutes of 1841, Chapter 114, Section 25.   Revised*
*Statutes, Chapter 63, Section 2.   Title.   Writ.*

1.  The real estate of a town, not exempted by statute, and not used by the
town in the performance of its municipal functions, may be attached in a
suit against it.
2.  An action against a town may be begun by writ of summons and attach-
ment, and not necessarily by writ of summons only.

On exceptions by the defendant.   Exceptions overruled.

This is an action of assumpsit on an account annexed to the writ
to recover the sum of five hundred and twenty-three dollars.   The
action was commenced against the town with a writ of summons
and attachment, and the property of said town attached thereon.
On the entry day of said action, the defendant filed a motion to
dismiss said action on the ground that said writ should have been
one of original summons only, instead of one of summons and
attachment combined.   The presiding Justice overruled the motion to
dismiss and the defendant excepted.

The case is stated in the opinion.

*Hinckley & Hinckley,* for plaintiff.

*Merrill & Merrill,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J.   This action against a town was commenced with a
writ of summons and attachment, that is, the will commanded the
officer to attach the property of the defendant, and to summon it to
appear.   The defendant seasonably filed a motion to dismiss, on the

ground that the writ should have been one of original summons only, and not of summons and attachment combined. The motion to dismiss was overruled, and the defendant excepted. The question is of no practical importance, because if the writ is faulty, as claimed, it is amendable, under our statute of amendments, R. S., ch. 84, sect. 10, by striking out the command to attach. And if necessary amendment is made, it cannot in the end be abated.

The defendant's point is that the property of a town cannot lawfully be attached on a writ, and that a writ which commands an unlawful act is bad in form, and abatable. In support of this contention *Thayer* v. *Comstock*, 39 Maine, 140, is cited. Assuming the doctrine of that case to be correct, we go back to inquire if the defendant's premise is also correct, that is, that the property of a town is necessarily non-attachable. If property of a town may be attached on a writ against it, then a writ of attachment may be issued in a suit against a town.

In the forms of writs prescribed in chapter 63 of the Laws of 1820 are found writs of original summons, without attachment, writs of attachment, and provisions for a separate summons when property has been attached. The writs of summons and the writs of attachment were distinct. But by R. S., 1841, ch. 114, sect. 25, it was first provided that the writ of attachment and of summons may be combined in one. That is what was done in the present case. The forms authorized by these statutes have remained in force until the present time. Revised Statutes, chap. 83, sect. 2, provides that "all civil actions . . . shall be commenced by original writs . . . framed to attach the goods and estate of the defendant . . . or as an original summons, with or without an order to attach, . . . and where goods or estate are attached . . . the writ and summons may be combined in one." Towns are not excepted in terms from the provisions of this statute. It says "all actions." But the defendant argues that in legal effect, towns are excepted, as to writs of attachment, because the property of towns cannot be attached.

There is no statute which forbids the attachment of the property of a town. And although it is not to be questioned that public policy will not permit the attachment and sale on execution of buildings

and land owned and used solely for public purposes, and not for pecuniary profit, (See *Goss Co.* v. *Greenleaf,* 98 Maine 436) yet we can conceive of no reason of policy which should exempt from attachment the land of towns, not used for public purposes. A town may own property, not only for public uses, but also under some conditions as a private owner may, for sale, or pecuniary profit. Suppose a town, as the statute permits, bids in land sold at tax sale, and thereby in time acquires an indefeasible title to it, or suppose that it acquires title to land by levy on execution issued on a judgment in its favor. Such land is not, on that account alone, considered as used for public purposes. The town may sell it. While it owns it, it may rent it or use it for profit. Its relation to the land is that of a private owner. To attach it in no way interferes with or interrupts the execution of the proper municipal functions of the town.

But without discussing further the question of policy, we say that the question in issue seems to be answered by the statute. It is provided, R. S., ch. 78, sect. 1, that real estate attachable may be taken to satisfy an execution. The implication necessarily is that real estate not attachable cannot be so taken. Revised Statutes, ch. 86, sect. 30 provides that "all executions against towns shall be issued against the goods and chattels of the inhabitants thereof, and against the real estate situated therein, whether owned by such town or not." This must mean that the execution may be levied upon real estate owned by the town. The provision that executions shall be issued against the town's real estate as well as that of others, has no meaning otherwise. If the land can be taken on execution, it would seem to follow logically that it may be attached. And we so hold. This conclusion is aided by the language of R. S., ch. 78, sects. 1 and 32, which declare that real estate attachable may be levied upon and set off or sold on execution. Here, we think the necessary implication is that only attachable real estate may be levied upon. So that, if it may be levied upon, it is attachable.

In this discussion, we have not overlooked the defendant's contention that the provision in chapter 86, section 30 that an execution against a town "shall be issued . . . against the real estate situated therein, whether owned by such town or not," is susceptible of a different interpretation from that which we have given to it.

The general provisions for the issuing and satisfying executions against towns, now found in section 30, seem to have been enacted first in chapter 64, section 3, of the Laws of 1833. And in that section the language used is "that all executions . . . against any town shall run, or be issued, . . . against the real estate situated therein, whether said real estate be owned by inhabitants or other persons." No reference was made to ownership by the town. In the revision of 1841, chapter 117, sect. 42 the language was changed so as to read "shall be issued . . . against the real estate situated therein whether the same is owned by the town or not," substantially as it reads in the present statute. It is contended that the new phraseology in 1841 should be deemed merely a change in expression, and not a change in meaning. If the words "other persons" in the Act of 1833 was intended to include the town itself, then there was no change of meaning by the use of the language quoted in the revision of 1841. It was simply more explicit, and made the meaning clearer. But if towns were not included in the Act of 1833, then the meaning was changed in the revision, for certainly they were expressly included in that revision, and are now. Language cannot be clearer and more definite.

In conclusion, we hold that real estate belonging to a town may be attached on a writ against the town, under some conditions, as when it is not exempted by statute, and when it is not used by the town in the performance of its public functions. It follows that a writ of attachment may be issued against a town. And a writ so issued is not abatable on that ground. The ruling below was correct.

*Exceptions overruled.*